IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KEVIN M. WILLIAMS-EL,** | CASE NO. 3:23 CV 1420 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **STATE OF OHIO,** | |
| | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### INTRODUCTION

*Pro se* plaintiff Kevin M. Williams-El filed this *in forma pauperis* civil rights action against the State of Ohio. (Doc. 1). For the following reasons, the Court dismisses this action.

### BACKGROUND

Plaintiff's Complaint contains very few facts, disjointed sentence fragments, and references to a criminal statute and Internal Revenue Service ("IRS") Document 6209. Plaintiff's brief statement of his claim asserts "an intentional misrepresentation or omission of material information in connection to the sale or purchase of a security" in violation of 18 U.S.C. § 1348, with no factual support. (Doc. 1, at 4). And in his request for relief, Plaintiff states that "a claim in recoupment a creditors right to apply a debt owing to it by the debtor, if the parties owe each other mutual debts arising from the same transaction. [A]ccording to . . . IRS 6209 . . . all 1099s are class 5 gift and estate taxes." *Id.* He then requests "all funds from the case," that the case "be closed and no further steps taken to securitize it," and that "all evidence of its existence be removed from the public record." *Id.*

Plaintiff attaches to his Complaint copies of a criminal case docket in the Lucas County Court of Common Pleas (Case No. G-4801-CR-0200502860-000), a no contest plea signed by Plaintiff, judgment entries issued in the criminal case, a purported release of lien on real property, a purported release of personal property from escrow, and an affidavit of individual surety. (Docs. 1-2 through 1-8).

**STANDARD OF REVIEW**

Plaintiff has filed an application to proceed in this action *in forma pauperis*. (Doc. 2). The Court grants the application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his Complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not

required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

As an initial matter, Plaintiff appears to bring his claims under 18 U.S.C. § 1348, which provides punishment of a fine or imprisonment for securities and commodities fraud. *See* 18 U.S.C. § 1348. Section 1348 is a criminal statute. It does not provide a private cause of action for civil plaintiffs. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Troyer v. Hershberger*, 2012 WL 488251, at *8 (N.D. Ohio). And to the extent Plaintiff is attempting to bring criminal charges against Defendant, he cannot proceed. Criminal actions in the federal courts are initiated by the United States Attorney, not private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002).

Additionally, although this Court recognizes *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008), "the lenient treatment generally accorded to pro se litigants has limits", *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure facts not pleaded or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts "have no obligation to act

as counsel or paralegal" to *pro se* litigants); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not required to create a *pro se* litigant's claim for him or her). Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted). The complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and emphasis omitted).

Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is composed entirely of meaningless rhetoric, sentence fragments, and unconnected legal terms. The Complaint fails to include any discernible factual allegations, and it fails to assert a cognizable claim based on recognized legal authority. This Court and Defendant are left to guess at basic elements of Plaintiff's purported claim. The Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed on this basis.

Even if Plaintiff had met the minimum pleading standards of Rule 8, he fails to state a claim upon which relief may be granted. Plaintiff cannot maintain a civil rights action against the State of Ohio. "State sovereign immunity . . . refers to a state's right 'not to be amenable to the suit of an individual without its consent.'" *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021) (quoting The Federalist No. 81, at 486 (Alexander Hamilton) (Clinton Rossiter ed., 1961)) (emphasis omitted). [1] The Sixth Circuit has held that a complaint is properly dismissed

---

1. The Sixth Circuit recently explained that although "courts have often treated Eleventh Amendment immunity and sovereign immunity as interchangeable . . . as a matter of original meaning, the two are conceptually distinct." *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509,

4

under 28 U.S.C. § 1915 if it brings claims barred by sovereign immunity. *Damstoft v. Ohio*, 24 F. App'x 299, 300 (6th Cir. 2001).

Three narrow exceptions to sovereign immunity exist, but none apply here. First, the state may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002); *Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). Such a waiver must be "unequivocally expressed" in the text of a relevant statute. *Sossamon v. Texas*, 563 U.S. 277, 284-85 (2011). Second, "Congress can abrogate a State's sovereign immunity to enforce the Fourteenth Amendment". *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023) (citing *Quern v. Jordan*, 440 U.S. 332, 342-43 (1979)). Third, *Ex parte Young*, 209 U.S. 123 (1908), creates a limited exception to sovereign immunity in which "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law[.]" *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). But this exception "has no application in suits against the States and their agencies." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). None of these exceptions apply.

Plaintiff's suit against the State of Ohio is barred by sovereign immunity.

---

513 (6th Cir. 2021). It distinguished immunity under the Eleventh Amendment, which sounds in subject-matter jurisdiction and contains a diversity requirement, from sovereign immunity, which "refers to a state's right 'not to be amenable to the suit of an individual without its consent'", sounds in personal jurisdiction, and does not require diversity. *Id.* at 514 (citing The Federalist No. 81, at 486 (Alexander Hamilton) (Clinton Rossiter ed., 1961) (emphasis omitted)). The court recognized, however, "that courts have departed somewhat from the Eleventh Amendment's original meaning and have largely forced sovereign immunity and the Eleventh Amendment into the same Procrustean bed." *Id.* at 514 n.4.
 Here, despite his assertions that the jurisdictional basis of his suit is diversity jurisdiction (Doc. 1, at 3), by all indications, Plaintiff is an Ohio citizen. *See* Doc. 1, at 1 (listing Plaintiff's address as Toledo, Ohio). Therefore "[b]ecause the parties are not diverse, sovereign immunity applies, and the Eleventh Amendment, by its plain terms, does not." *WCI, Inc.*, 18 F.4th at 514.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's "Notice of Special Appearance by Special Deposit Motion or Application for Void Judgment and Adverse Claim by Special Deposit" (Doc. 4) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED in its entirety under 28 U.S.C. § 1915(e)(2); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE